# IN THE UNITED STATES BANKRUPTCY CODE
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT CANTON

| | |
|---|---|
| IN RE: | ) CASE NO. 13-62509 |
| | ) |
| KATHERINE I. HAMBACH | ) IN PROCEEDINGS UNDER CHAPTER 7 |
| | ) |
| Debtor | ) JUDGE RUSS KENDIG |
| | ) |
| | ) NOTICE OF INTENT TO SELL REAL |
| | ) PROPERTY FREE AND CLEAR OF |
| | ) LIENS |

TO THE TRUSTEE, THE DEBTOR, ITS CREDITORS, AND ALL OTHER PARTIES IN INTEREST:

Notice is hereby given that Lisa M. Barbacci, Chapter 7 Trustee, P.O. Box 1299, Medina, Ohio 44358, telephone number 330-722-4488, intends to sell property described in the attached Exhibit A free and clear of liens pursuant to 11 USC § 363(f) and otherwise than in the ordinary course of business.

1. The purchaser's name is Wayne E. Graham, Jr. and Gwendolyn L. Graham, 4450 Beldon Village Street NW, Canton, Ohio 44718. A copy of the purchase agreement is attached hereto as Exhibit B and incorporated herein by reference.

2. The property to be conveyed is known for mailing purposes as 2000 Whipple Avenue NW, Canton, Ohio 44708 and more particularly described in Exhibit A attached hereto.

3. The gross sale price for the parcel is $165,000.

4. Notice is further given that the trustee will convey said property to the purchasers on or after February 27, 2015 unless an objection is made. Any objections to said sale must be filed with the court by January 21, 2015 and served on the trustee and her counsel.

5. Unless objection is filed and a hearing requested, the court may not conduct a hearing and the property may be sold by the trustee without further notice to creditors, free and clear of lien, claim, or other interest.

GIBSON & LOWRY

/s/ Michael J. Moran
Michael J. Moran           (#0018869)
Attorney for Lisa M. Barbacci, Trustee
234 Portage Trail
P.O. Box 535
Cuyahoga Falls, OH 44221
(330) 929-0507
(330) 929-6605 - Fax
moranecf@yahoo.com


## CERTIFICATE OF SERVICE

I certify that, on December 31, 2014, a true and correct copy of this notice was served:

Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List

Lisa M. Barbacci, Trustee, barbaccitrustee@gmail.com

Anthony J. DeGirolamo, on behalf of Katherine I. Hambach, ajdlaw@sbcglobal.net

Shannon B. Kreshtool, on behalf of PNC Bank, N.A., sbk@weinstocklegal.com

Robert B. Trattner, on behalf of PNC Bank, rtrattner@ttmlaw.com

United States Trustee


And by regular U.S. mail, postage prepaid, to all parties on the attached list.

/s/ Michael J. Moran
Michael J. Moran           (#0018869)
Attorney for Lisa M. Barbacci, Trustee
234 Portage Trail
P.O. Box 535
Cuyahoga Falls, OH 44221
(330) 929-0507
(330) 929-6605 - Fax
moranecf@yahoo.com

AAA Financial Services
PO Box 15019
Wilmington, DE 19886-5019

American Electric Power
Attn: Bankruptcy
1 AEP Way
Hurricane WV 25526-1231

American Electric Power
PO Box 24002
Canton, OH 44701-4002

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Canton City Utilities
626 30th St NW
Canton, OH 44709-3112

Capital Recovery V, LLC
c/o Recovery Management Systems Corporat
25 SE 2nd Avenue Suite 1120
Miami FL 33131-1605

Chase
Po Box 15298
Wilmington, DE 19850-5298

FirstMerit Bank
295 FirstMerit Cir
Akron, OH 44307-2305

Fmrtbcard
2095 First Bancorp Circle
Akron, OH 44307-2359

Gecrb/levin Furniture
Po Box 981439
El Paso, TX 79998-1439

PNC Bank
PO Box 340777
Pittsburgh, PA 15230-7777

PNC Bank
PO Box 856177
Louisville, KY 40285-6177

Katherine I. Hambach
1811 Jackson Ave NW
Massillon, OH 44646-2721

Pnc Bank
Po Box 3180
Pittsburgh, PA 15230-3180

Stark County Sanitary Engineering D
Sewer Division
PO Box 24801
Canton, OH 44701-4801

Stark County Sanitary Engineers
PO Box 7906
Canton, OH 44705-7906

(p)STARK COUNTY TREASURER S OFFICE
110 CENTRAL PLAZA SOUTH
SUITE 250
CANTON OH 44702-1410

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

Wrap & Send
2030 Whipple Ave NW
Canton, OH 44708-2360

Debbie McCraken Hayes Realty
4368 Dressler Rd NW
Canton, OH 44718-2771

# EXHIBIT A

Situated in the Township of Plain, County of Stark and State of Ohio: Known as and being Lot No. 35 in Shrine Village Allotment No. 2, Plain Township, Stark County, Ohio, as recorded in Stark County Plat Records, Volume 27, Page 86.

SUBJECT TO all matters set forth on the Plat of Shrine Village Allotment No. 2 recorded in Plat Book 27, Page 86; conditions and restrictions set forth in the Warranty Deed from Greendale, Inc. To Gertrude Frank and Faye Kail recorded in Volume 3070, Page 77; Affidavit by Fred E. Marsh recorded at Volume 4285, Page 549; Easement to The Ohio Power Company recorded in Volume 1923, Page 236; Reservations set forth in the deed recorded in Volume 1893, Page 483; Easement to The East Ohio Gas Company recorded in Volume 1514, Page 427; Easement to The Ohio Power Company recorded in Volume 656, Page 529; and the Oil & Gas Lease to The East Ohio Gas Company recorded in Lease Volume 81, Page 367, all of the Stark County Recorder's Records,

and the said grantors also convey to the said grantee, its successors and assigns, without general covenants of warranty, an easement and right-of-way upon and across a portion of the real property situated in the County of Stark, Township of Plain and State of Ohio and described as follows:

Known as and being Lot No. 34 in Shrine Village Allotment No. 2, Plain Township, Stark County, Ohio, as recorded in Stark County Plat Records, Volume 27, Page 86,

said easement being more specifically described in, and limited to the uses purposes set forth in the original grant of said easement from D R S Investments to Roberta Rosenbery and Dale Rosenbery, as contained in an instrument dated March 18, 1991, filed for record March 27, 1991 at 1:38 P.M. and recorded in O.R.V. 1035, Page 601, Stark County Records.

Prior instrument reference: Vol. 1123, Pages 215-216 of the Stark County Recorder's Office

## AND THE FOLLOWING:

Situated in the Township of Plain, County of Stark, and State of Ohio:

And Known as being Lot Number (36) in Shrine Village Allotment Number Two, located in the southwest quarter of Section Thirty-one (31), Plain Township, Stark County, Ohio, as shown in Plat Book 27, Page 86 in the Stark County Recorder's Office and subject to the following:

Oil and gas leases, easements, reservations, restrictions, and covenants of record as recorded in Volume 4352, Pages 889-891 in the Stark County Recorder's Office.

AND THE FOLLOWING:

Situated in the Township of Plain, County of Stark, and State of Ohio:

Known as and being Lots No. 37 and 38 in Shrine Village Allotment No. 2 as recorded in Stark County Plat Records, Volume 27, Page 86, further known as 2000 Whipple Avenue NW, Canton, Ohio.

Subject to all easements, oil & gas leases, and reservations of record as recorded in Volume 448, Pages 372-373 in the Stark County Recorder's Office.

AND THE FOLLOWING:

Situated in the Township of Plain, County of Stark, and State of Ohio:

Known as and being Lot No. 39 in Shrine Village Allotment No. 2 as recorded in Volume 27, Page 86 of the Stark County, Ohio Plat Records.

Subject to all easements, leases, reservations, and restrictions of record as recorded in Volume 448, Pages 370-371 in the Stark County Recorder's Office.

PARCEL NO. 5218477

# COMMERCIAL/INDUSTRIAL REAL ESTATE PURCHASE AGREEMENT
*Approved for use by Members of the Stark County Association of REALTORS, Inc.*

1. The undersigned agrees to buy the following real estate situated in **PLAIN** Township/City **STARK** County, Ohio, and premises being known as Parcel # **SL15-177** acreage or Lot # _____ and further known as Street & no. _____ 12/21/14
   further described as **7000 WHIPPLE AVE. NW, CANTON, OH** with an approximate lot size of _____ hereinafter the "Premises" **$165,000** WEG 12/14/14

2. PAYMENT The Purchaser agrees to pay _____ $ _____
   Deposit with this agreement (To be deposited upon acceptance of this agreement) Cash __ Check **X** $ **1000.00**
   Additional deposit in good funds on or before _____, 20__ $ _____
   Balance of down payment in good funds when executed deed is delivered to Purchaser or escrow agent $ _____
   Amount to be financed by _____ % Loan to Value $ **TBD**

3. INCLUDED IN THE SALE: The Real Estate shall include, without limitation, the following - all electrical, plumbing, heating, air conditioning equipment, and permanently attached fixtures, if any, except _____

4. PERSONAL PROPERTY: The following personal property shall be included in the sale _____

5. ADDITIONAL TERMS AND CONDITIONS **OFFER CONTINGENT UPON NO FURTHER ACTION (LETTER BEING OBTAINED BY SELLER PRIOR TO CLOSING AND Bankruptcy** 12/30/14 **court order re: BUSTR and approval of sale - as required**

6. CONTINGENCIES **21 day notice for Bankruptcy sale. ZMB 12/21/14**

   (a) ENVIRONMENTAL INSPECTION ... within **30** days ... Does Apply __ Does Not Apply __

   (b) FINANCING CONTINGENCY ... within **7** days ... within **45** days ...
   **Property Sold "AS IS" with no warranties. ZMB 12/21/14**

   (c) OTHER **subject to bankruptcy court order re: declaratory judgment re: BUSTR, and approval of sale - motion for approval of sale requires 21 day notice period to all creditors ZMB 12/21/14**

   Addendum attached Yes __ No **X**

7. "AS IS" CLAUSE ...
   Purchaser has read and understands the above "as is" clause. Purchaser's initials _____

8. DEED AND CLOSING ... **2/27/15** 12/30/14

9. EVIDENCE OF TITLE ...

10. TAXES, UTILITIES AND IMPROVEMENTS ...

SELLING REALTOR - WHITE    LISTING REALTOR - YELLOW    SELLER'S COPY - PINK    BUYER'S COPY - GOLD

Page 1 of 2



EXHIBIT B

Page 2 of 2 for property located at: 2000 WHIPPLE AVE NW, CANTON, OH 44708

11. **POSSESSION.** Owner agrees, prior to Closing, to remove all junk, trash or items not to be conveyed to Purchaser and to deliver complete possession of the Premises subject to tenants' rights on date of Closing.

12. **DAMAGE OR DESTRUCTION OF PROPERTY.** Owner agrees that upon delivery of deed, all improvements constituting a part of the Premises shall be in the same condition as they are on the date of this offer, reasonable wear and tear excepted. Risk of loss to the Premises shall be borne by Owner and all damage promptly repaired until delivery of deed, provided that if any improvement is substantially damaged or destroyed prior to delivery to deed. Purchaser may (1) proceed with transaction and be entitled to all insurance money payable to Owner, or (2) rescind this Contract, and thereby release all parties from liability hereunder by giving written notice to Owner and Broker within 10 days after Purchaser has written notice of damage or destruction. Failure by Purchaser to so notify shall constitute an election to proceed with the transaction.

13. **INDEMNITY.** Owner and Purchaser acknowledge that the REALTORS involved in the sale are relying on all information provided or supplied by Owner or his sources in connection with the Real Estate, and agree to indemnify and hold harmless the REALTORS, their agents and employees, from any claims, demands, damage suits, liabilities, costs and expenses (including reasonable attorney's fees and litigation expenses) arising out of any misrepresentation or concealment of facts by Owner or his sources.

14. **MISCELLANEOUS.** This Contract constitutes the entire agreement and no oral or implied agreements exists. Any amendments to this Contract shall be in writing, signed by Purchaser(s) and Owner(s) and copies provided to them. This contract shall be binding upon the parties, their heirs, administrators, executors, successors and assigns. All provisions of this contract shall survive the closing. In compliance with fair housing laws, no party shall in any manner discriminate against any Purchaser or Purchasers because of race, color, religion, sex, familial status, handicap or national origin. Paragraph captions are for identification only and are not a part of this Contract. Should law to apply. This contract has been entered into as _____ this _____

15. **EXPIRATION AND ACCEPTANCE.** This offer shall remain open for acceptance until 6:00 p.m., Canton, Ohio time on 9/15/14
19____, and a signed copy shall be returned to Purchaser upon acceptance.   12/30/14

TIME IS OF THE ESSENCE IN ALL PROVISIONS OF THIS CONTRACT

IN ORDER TO CREATE AN ENFORCEABLE AGREEMENT BETWEEN PURCHASER AND OWNER, THIS OFFER, OR ANY COUNTEROFFERS MUST BE IN WRITING AND SIGNED BY PURCHASER AND OWNER, WITH ALL CHANGES, ADDITIONS OR DELETIONS TO BE INITIALED BY PURCHASER AND OWNER, AND DATED, PRIOR TO ACCEPTANCE.

FACSIMILE (FAX) SIGNATURES CONSTITUTE A VALID SIGNING OF THIS AGREEMENT

PURCHASER TO ADVISE OWNER IN WRITING HOW TITLE WILL BE TAKEN.

Purchaser's Signature: _Gwendolyn Graham_ 9-12-14
Purchaser's Name Printed: Gwendolyn L. Graham

Purchaser's Signature: _____ 9/16/14
Purchaser's Name Printed: Wayne E Graham Jr

Address: _____
City, State & Zip: _____
Telephone: _____  Facsimile: _____
E-mail Address: WAYNEGrahamJr.@yahoo.com

Witness to Purchaser's Signature: _____

Owner's Signature: Lisa M. Barbacci, solely as Trustee for Irene Hembach, 12/24/14  Case No. 13-62509
Owner's Name Printed: _____

Owner's Signature: Lisa M. Barbacci, Trustee 12/30/14
Owner's Name Printed: Lisa M. Barbacci, Trustee
Address: P.O. Box 1299, 600 E. Smith Road, Medina, Ohio 44258-1299
Telephone: 330-722-4488  Facsimile: _____
E-mail Address: barbaccitrustee@gmail.com

Witness to Owner's Signature: _____

PURCHASER AND OWNER HEREBY ACKNOWLEDGE RECEIPT OF A FULLY SIGNED COPY OF PURCHASE AGREEMENT

Purchaser: _____ 12/30/14
Purchaser: Gwendolyn Graham 12/24/14

Owner: Lisa M. Barbacci, solely as Trustee 12/30/14

Purchaser has deposited with Broker the sum receipted for below which shall be returned to Purchaser, upon Purchaser request, if no contract shall have been entered into. Upon acceptance of this Contract by both parties, Broker shall deposit such amount in its non-interest bearing trust account to be disbursed, subject to collection by Broker's depository, as follows: (a) deposits shall be applied on purchase price of returned to Purchaser when transaction is closed, (b) if Owner fails or refuses to perform, or any contingency is not satisfied or waived, the deposit shall be returned, (c) if Purchaser fails or refuses to perform, the deposit shall be paid to Owner, which payment, or the acceptance thereof, shall not in any way prejudice the rights of Owner or Broker to any action for damages or specific performance, (d) in the event of a dispute over the disposition of the deposit, Broker shall retain the deposit until (i) Purchaser and Owner have settled the dispute, (ii) disposition has been ordered by a final court order, or (iii) Broker deposits said amount with a court pursuant to applicable court procedures. We hereby acknowledge the deposit of $1,000.00 which will be deposited upon acceptance and together with any additional cash payments made by the Purchasers before date of delivery of deed it is be delivered and held in escrow by _HAYES REALTY_ Listing REALTOR, until closing of this transaction according to the terms of the foregoing Amendment.
AGENCY DISCLOSURE FORM ATTACHED: YES _X_ NO ___
Selling Company _HAYES REALTY_ By _Brad Hayes_

by 10/17/14

SELLING REALTOR – WHITE   LISTING REALTOR – YELLOW   SELLER'S COPY – PINK   BUYER'S COPY – GOLD

Page 2 of 2

 # AGENCY DISCLOSURE STATEMENT 

The real estate agent who is providing you with this form is required to do so by Ohio law. You will not be bound to pay the agent or the agent's brokerage by merely signing this form. Instead, the purpose of this form is to confirm that you have been advised of the role of the agent(s) in the transaction proposed below. (For purposes of this form, the term "seller" includes a landlord and the term "buyer" includes a tenant.)

Property Address: 2000 WHIPPLE AVE. NW, CANTON OH 44708
Buyer(s): GWENDOLYN L. GRAHAM AND WAYNE E. GRAHAM TR.
Seller(s): Lisa M. Barbacci, Trustee, Innattanbach Case No. 13-62509

### I. TRANSACTION INVOLVING TWO AGENTS IN TWO DIFFERENT BROKERAGES

The buyer will be represented by _____, AGENT(S) and _____, BROKERAGE

The seller will be represented by _____, AGENT(S) and _____, BROKERAGE

### II. TRANSACTION INVOLVING TWO AGENTS IN THE SAME BROKERAGE

If two agents in the real estate brokerage _____ represent both the buyer and the seller, check the following relationship that will apply:

☐ Agent(s) _____ work(s) for the buyer and
Agent(s) _____ work(s) for the seller. Unless personally involved in the transaction, the broker and managers will be "dual agents", which is further explained on the back of this form. As dual agents they will maintain a neutral position in the transaction and they will protect all parties' confidential information.

☐ Every agent in the brokerage represents every "client" of the brokerage. Therefore, agents _____ and _____ will be working for both the buyer and seller as "dual agents". Dual agency is explained on the back of this form. As dual agents they will maintain a neutral position in the transaction and they will protect all parties' confidential information. Unless indicated below, neither the agent(s) nor the brokerage acting as a dual agent in this transaction has a personal, family or business relationship with either the buyer or seller. If such a relationship does exist, explain: _____

### III. TRANSACTION INVOLVING ONLY ONE REAL ESTATE AGENT

Agent(s) BRAD HAYES/DARRE MCCRACKEN and real estate brokerage HAYES REALTY will

☒ be "dual agents" representing both parties in this transaction in a neutral capacity. Dual agency is further explained on the back of this form. As dual agents they will maintain a neutral position in the transaction and they will protect all parties' confidential information. Unless indicated below, neither the agent(s) nor the brokerage acting as a dual agent in this transaction has a personal, family or business relationship with either the buyer or seller. If such a relationship does exist, explain: _____

☐ represent only the (check one) ☐ seller or ☐ buyer in this transaction as a client. The other party is not represented and agrees to represent his/her own best interest. Any information provided the agent may be disclosed to the agent's client.

### CONSENT

I (we) consent to the above relationships as we enter into this real estate transaction. If there is a dual agency in this transaction, I (we) acknowledge reading the information regarding dual agency explained on the back of this form.

_____ 2-12-14    Lisa M. Barbacci solely as Trustee
BUYER / DATE              SELLER / DATE    for Innattanbrch,
_____ 2/12/14                 12/24/14    Case No. 13-62509
BUYER / DATE              SELLER / DATE

Page 1 of 2                              Effective 01/01/05

13-62509-rk    Doc 27    FILED 12/31/14    ENTERED 12/31/14 12:52:40    Page 8 of 8